1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GORDON SOLOMAN GIBSON,

                    Petitioner,

    v.

UNITED STATES OF AMERICA,

                    Respondent.

CASE NO. C15-5737 BHS

ORDER GRANTING IN PART
AND DENYING IN PART AS
MOOT PETITIONER'S MOTION
TO VACATE, SET ASIDE, OR
CORRECT SENTENCE

      This matter comes before the Court on Petitioner Gordon Soloman Gibson's ("Gibson") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part as moot for the reasons stated herein.

**I. PROCEDURAL HISTORY**

      On December 15, 1998, Gibson pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113 and the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). The probation officer recommended, without objection from either party, that the Court sentence Gibson as a career offender because the offense charged in

Count 1, armed bank robbery, was a crime of violence, and his criminal history included

two 1990 Washington State second-degree burglary convictions—both crimes of

violence.

## II. DISCUSSION

**A.    Sentencing Guidelines**

The sentencing court found Gibson to be a career offender under the Sentencing

Guidelines.  This finding was based, in part, on Gibson's two prior state court convictions

for second-degree burglary.  The relevant section of the guidelines provides:

> The term "crime of violence" means any offense under federal or
> state law, punishable by imprisonment for a term exceeding one year,
> that . . . is burglary of a dwelling, arson, or extortion, involves use of
> explosives, or otherwise involves conduct that presents a serious potential
> risk of physical injury to another.

U.S.S.G. § 4B1.2(a)(2).  The parties raise two disputes.  First, the parties dispute whether

the sentencing court relied on the "burglary of a dwelling" clause or the residual clause,

which provides "otherwise involves conduct that presents a serious potential risk of

physical injury to another."  Second, if the court relied on the residual clause, is Gibson

entitled to relief under *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015), and

*Welch v. United States*, 587 U.S. __, 136 S. Ct. 1257 (2016).

**1.    Particular Clause**

It is undisputed that the record fails to show which guideline clause the sentencing

court relied upon to determine that Gibson's state court convictions were predicate

offenses.  Although the courts have concluded that Gibson's predicates do not qualify

under either clause, only one of the clauses provides an avenue for retroactive relief.  The

Government argues that, "given the state of the law in 1999, it is all but certain that the Court would have found that Gibson's prior burglary convictions qualified because burglary is one of the enumerated violent felonies listed." Dkt. 14 at 7.  On the other hand, Gibson argues that "[s]peculating about what was in [the judge's] mind is an impossible exercise . . . ." Dkt. 15 at 5.  In other words, the parties concede that the Court must engage in speculation to reach either conclusion.  Thus, the issue becomes who bears the burden of the uncertainty.

In a recent decision issued from this courthouse, the Honorable Robert J. Bryan concluded that the rule of lenity favored the petitioner.  *Murray v. United States*, 15-CV-5720-RJB, 2015 WL 7313882 (W.D. Wash. Nov. 19, 2015) (record was unclear why prior convictions were violent felonies).  Similarly, Gibson is entitled "to the time-honored interpretive guideline that uncertainty concerning the ambit of criminal statutes should be resolved in favor of lenity."  *United States v. Kozminski*, 487 U.S. 931, 952 (1988).  Although this maxim of statutory interpretation is used to avoid "guess[ing] as to what Congress intended," *Bifulco v. United States*, 447 U.S. 381, 387 (1980), it makes sense to implement the rule when faced with a guess as to what another court intended.

Furthermore, Gibson relies on *O'Neal v. McAninch*, 513 U.S. 432 (1995), for the proposition that the Government bears the "risk of doubt."  Dkt. 15 at 5.  In *O'Neal*, the Supreme Court held that when a federal habeas court finds a constitutional trial error, but is in "grave doubt" about whether that error had a "substantial and injurious effect or influence in determining the jury's verdict," the error is not harmless and habeas relief must be granted.  513 U.S. at 436.  The Court explained that "grave doubt" means that

1   "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual

2   equipoise as to the harmlessness of the error." *Id.* at 435.  While *O'Neal* is not directly

3   on point, the issues are substantially similar.  For example, Gibson contends and, as

4   discussed below, the Court agrees that the sentencing court committed constitutional

5   error if it sentenced him under the residual clause.  Moreover, the matter is evenly

6   balanced because the sentencing court made one of two choices, neither of which is more

7   evident than the other.  Under these circumstances, there exists grave doubt as to whether

8   Gibson's sentence is constitutional and "in cases of grave doubt as to harmlessness the

9   petitioner must win . . . ." *Id.* at 437.  Therefore, the Court concludes that it must be

10  assumed that Gibson was sentenced under the residual clause and will consider whether

11  Gibson is entitled to retroactive relief.

12      **2.      *Johnson/Welch***

13          The *Johnson* and *Welch* decisions concluded that the residual clause of the Armed

14  Career Criminal Act is unconstitutional and that those sentenced under that clause are

15  entitled to retroactive relief.  The issue in this case, and many others, is whether

16  individuals sentenced under identical language in the Sentencing Guidelines are entitled

17  to retroactive relief.  Because *Welch* was decided only two months ago, none of the

18  Circuits have directly addressed this question.  The circuits, however, are split on whether

19  such a claim is a sufficient *prima facie* showing to warrant authorization for a second or

20  successive petition.  *Compare In re Griffin*, __F.3d__, 2016 WL 3002293 (11th Cir.

21  2016) (denying authorization for second § 2255 petition), *with In re Hubbard*, __F.3d__,

22

1    2016 WL 3181417 (4th Cir. 2016) (granting authorization); *In re Encinias*, __F.3d__,

2    2016 WL 1719323 (10th Cir. 2016) (same).

3           With regard to district court opinions, the authorities provided to the Court, as well

4    as the authorities found and reviewed by the Court, have concluded that petitioners such

5    as Gibson are entitled to relief.  *See, e.g.*, *United States v. Boone*, No. 2:12-CR-162-12,

6    2016 WL 3057655 (W.D. Pa. May 31, 2016); *United States v. Ramirez*, No. CR 10-

7    10008-WGY, 2016 WL 3014646 (D. Mass. May 24, 2016).  In addition to these

8    persuasive authorities, the Government concedes that Ninth Circuit precedent holds that

9    substantive rules apply retroactively to guideline calculations.  Dkt. 23 at 7 (citing *Reina-*

10   *Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011)).

11          Based on the authorities cited above, the Court concludes that Gibson is entitled to

12   relief on his career offender claim.  The necessary conclusions that are reviewed *de novo*

13   are: *Johnson* announced a new substantive rule and substantive rules may be retroactively

14   applied to collaterally attack the career offender residual clause of the Sentencing

15   Guidelines.  Therefore, the Court **GRANTS** Gibson's petition on this issue.

16   **B.      Crime of Violence**

17          Gibson also argues that his conviction for armed bank robbery is not a crime of

18   violence under 18 U.S.C. § 924(c).  Because the Court grants relief on Gibson's other

19   claim, the Court declines to address this claim.  Moreover, it appears that Gibson's

20   argument has been rejected by at least one circuit.  *See In re Hines*, __F.3d__, 2016 WL

21   3189822 (11th Cir. 2016).  Therefore, the Court **DENIES** this claim **as moot**.

22

1

**III. ORDER**

2          Therefore, it is hereby **ORDERED** that Gibson's motion to vacate, set aside or

3   correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is **GRANTED in part** and

4   **DENIED in part as moot** as stated herein.  The parties shall work with the Clerk to

5   schedule an expeditious resentencing in the criminal case.  The Clerk shall close this

6   case.

7          Dated this 15th day of June, 2016.

8

9

10         BENJAMIN H. SETTLE
           United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22